IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>GRINNELL COLLEGE,<br><br>      Defendants. | Case No. 4:23-cv-00400-RGE-HCA<br><br>**PROTECTIVE ORDER** |

IT IS HEREBY ORDERED:

**SCOPE OF THIS ORDER**

1. This Protective Order shall apply to all information and documents produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

**CONFIDENTIAL INFORMATION**

2. Any party to this case may designate as "CONFIDENTIAL" documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any party in this matter. "CONFIDENTIAL" documents may include education records of Plaintiff or other students of Defendant, medical records, employment records and proprietary information.

**DESIGNATING MATERIALS CONFIDENTIAL**

3. A party may designate materials as "CONFIDENTIAL" in the following manner:

1

  a. <u>Documents</u>.  At the time of production, a party should designate or stamp the word "<u>CONFIDENTIAL</u>" on any particular document.  Where a document is produced in electronic form, the drive, disc or electronic media storage device shall be marked "<u>CONFIDENTIAL</u>."  In addition, the information or documents contained in the electronic record should be designated as "<u>CONFIDENTIAL</u>" such that to the extent any party prints or reproduces any information or any documents produced in electronic format, any such printouts or reproduction shall automatically include the designation of "<u>CONFIDENTIAL</u>."

  b. <u>Interrogatories or Request for Admissions</u>.  A party may designate an answer as "<u>CONFIDENTIAL</u>" by identifying it as such. Such "CONFIDENTIAL" responses should be made on separate pages from any other answers or portions of answers that are not designated as "<u>CONFIDENTIAL</u>."

  c. <u>Testimony</u>.  Any party giving pretrial testimony by deposition or affidavit in this action may obtain "<u>CONFIDENTIAL</u>" treatment for all or part of the deposition or affidavit testimony by designating the precise testimony claimed to be "<u>CONFIDENTIAL</u>" during the course of that testimony.  Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing party within twenty (20) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "<u>CONFIDENTIAL</u>."

4. "<u>CONFIDENTIAL</u>" materials should not be disclosed in any manner, directly or indirectly to any person other than the attorneys for the parties, witnesses, independent third parties retained or used by the attorneys of record in this litigation who have access to "<u>CONFIDENTIAL</u>" materials as reasonably necessary for purposes of preparation, trial, appeal

or settlement of this litigation, named parties, officers and employees, of corporate parties who have access to "CONFIDENTIAL" materials as reasonably necessary for the purposes of preparation, trial, appeal, or settlement of this litigation.

5. Each person to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this order and must agree to be bound by it before disclosure to such person of any such information or document.

FILING AND USE IN COURT OF DESIGNATED MATERIALS

*6.* In the event that any party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the party shall file such documents under seal using the court-authorized procedure for filing documents under seal as set forth by the Court's procedure.

7. This Order does not limit or waive the right of any party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise.

8. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature. This Protective Order does not preclude any party from challenging the designation of testimony or material as Protected Material by presenting the issue to the Court.

9. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information. The failure of a party producing information or documents to designate such materials "CONFIDENTIAL" shall <u>not</u> preclude such party from later applying to the Court for the entry of a protective order.

10. Nothing contained in this Protective Order shall be construed to, prohibit any party from disclosing information and/or documents or things that it already possesses or are in

the public domain. Likewise, the designation by a party of something as "CONFIDENTIAL" does not and shall not make any such information, document and/or thing a trade secret and/or "CONFIDENTIAL" information under law or any agreement.

## THIRD-PARTY REQUESTS FOR DESIGNATED MATERIALS

11. If any party receives a subpoena or document request from a third party that appears to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" by any party to this action, the party receiving such subpoena or document request may move to quash or modify the subpoena or obtain a protective order limiting discovery of such material and shall immediately: (a) notify the party who designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and, (b) shall not oppose any effort by the designating party to modify the subpoena or obtain a protective order limiting discovery of such material.

## RETURN OF DESIGNATED MATERIALS

12. Within ninety (90) days of the conclusion of this action, including any and all appeals, all documents, answers, transcripts, electronic media or other things or information designated as "CONFIDENTIAL" and all copies thereof, shall be destroyed. This Order shall continue to be binding after the conclusion of this litigation. The United States District Court for the Southern District of Iowa shall continue to retain jurisdiction over all persons and parties bound by this Protective Order for enforcement.

SO ORDERED this ____ day of _____, 2024.

                                                             _____
                                                             United States District Court Judge

5