# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>GRINNELL COLLEGE,<br><br>      Defendant. | Case No. 4:23-cv-00400<br><br><br>**DEFENDANT GRINNELL COLLEGE'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OR EXCLUDE PLAINTIFF'S EXPERT REPORT AND TESTIMONY** |

Defendant Grinnell College ("Defendant" or "Grinnell") files this Brief in Support of its Motion to Strike Jane Doe's ("Plaintiff" or "Doe") Expert Report and in support thereof, states:

## TABLE OF CONTENTS

**INTRODUCTION AND BACKGROUND** .............................................................................. 2
**LEGAL STANDARDS** ............................................................................................................ 3
**ARGUMENT** ............................................................................................................................ 4
  I. **Dr. Patra's Report is Irrelevant Because Plaintiff Cannot Recover Emotional Distress Damages Under Her Theory of this Case.** ........................................................................ 4
     a. *Dr. Patra Should be Precluded from Referencing Doe's April 2019 Sexual Assault.* ....... 5
     b. *Emotional Distress Damages are Not Available Under the Spending Clause Statutes Like Title IX.* ................................................................................................................... 7
     c. *Emotional Distress Damages Are Not Available Under Doe's State Law Claims* ............. 9
  II. **Doe's Deficient Expert Disclosure Is Not Substantially Justified or Harmless, Requiring Exclusion of Dr. Patra's Report and Anticipated Testimony.** ........................................ 12
**CONCLUSION** ...................................................................................................................... 16

## INTRODUCTION AND BACKGROUND

Plaintiff Jane Doe alleges that Grinnell engaged in violations of Title IX, breach of contract, and breach of implied covenant of good faith and fair dealing. Doe has disclosed Dr. Kunal K. Patra's expert report (the "Report"). *See* Ex. A. Although Doe has failed to adequately satisfy her obligations under Rule 26 with respect to Dr. Patra, it is likely he intends to testify at trial to Doe's alleged emotional harm arising out of an April 2019 sexual assault and subsequent Title IX investigation conducted by Grinnell. On balance, Dr. Patra's opinions submitted in response to Doe's counsel's questions largely intertwine Doe's April 2019 sexual assault and Grinnell's subsequent Title IX investigation. However, the claims relating to Doe's April 2019 sexual assault have been dismissed by this Court. *See* ECF No. 18, Order Granting in Part Defendant Grinnell College's Partial Motion to Dismiss (May 9, 2024) at 36. Further, Dr. Patra's opinions mix Doe's diagnoses with alleged emotional distress or emotional injuries—a type of damage that Doe is not entitled to recover in this action. For these reasons, Grinnell seeks an order from this Court striking Dr. Patra's Report and anticipated testimony relating to Doe's April 2019 sexual assault.

Doe first disclosed her expert, Dr. Kunal K. Patra, MD, on June 3, 2025 by serving Dr. Patra's Independent Psychiatric Evaluation. *See* Ex. A. Doe did not disclose Dr. Patra in her initial disclosures, nor in her written discovery responses. Accordingly, on June 10, 2025, counsel for Grinnell requested supplemental expert materials to satisfy Doe's discovery obligations and her obligations under Rule 26 of the Federal Rules of Civil Procedure. *See* Ex. B. Receiving no response, counsel for Grinnell sent follow-up correspondence on June 19, 2025, to which Doe's counsel indicated a response was forthcoming on June 23, 2025. *Id.* Counsel for Doe never followed up. As of the filing of this motion, Doe has only served Dr. Patra's Report.

Doe has failed to provide Grinnell with the disclosures required under Rule 26(a)(2)(B), namely, "any exhibits that will be used to summarize or support [the opinions of the expert]; [] the witness's qualifications, including a list of all publications authored in the previous 10 years; [] a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and [] a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(iii–vi). In addition to Dr. Patra's Report introducing irrelevant facts and facts that relate to dismissed claims in this action, Doe's failure to properly disclose Dr. Patra results in unfair prejudice to Grinnell requiring exclusion of Dr. Patra's Report.

## **LEGAL STANDARDS**

The admissibility of expert opinions is governed by the Federal Rules of Evidence and the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny. Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)    the testimony is based on sufficient facts or data;
> (c)    the testimony is the product of reliable principles and methods; and
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

"The proponent of the expert testimony bears the burden to prove its admissibility." *Menz v. New Holland N. Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007) (citation omitted).

The relevant provision of Rule 702 for the purposes of Grinnell's motion is subsection (a)—that is, for Dr. Patra's testimony to be admissible, it must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). "[Rule 702(a)]

3

goes primarily to relevance." *Daubert*, 509 U.S. at 591. In other words, Dr. Patra's Report and anticipated testimony must be relevant to the resolution of this dispute. "Relevant evidence is defined as that which has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Daubert*, 509 U.S. at 587 (quoting Fed. R. Evid. 401) (internal quotations omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id*. at 591 (quotation omitted); *see also United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985) ("An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will the jury in resolving a factual dispute.").

## ARGUMENT

Doe's expert Report and Dr. Patra's anticipated testimony should be excluded for two independent reasons. First, Dr. Patra opinions are not relevant to the issues in this dispute. Specifically, his opinions address alleged emotional harm which is not recoverable under Doe's theory of the case. Because Doe cannot recover for emotional distress, Dr. Patra's opinions are inadmissible under Rule 702(a), as they do not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). Instead, such testimony risks confusing or misleading the jury and should be excluded under Rules 402 and 403 of the Federal Rules of Evidence. Second, Doe has not satisfied her disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure. Even if Dr. Patra's opinions relating to Doe's emotional distress were relevant, her failure to make proper disclosures warrants exclusion of the Report in its entirety under Rule 37(c)(1).

    **I.**    **Dr. Patra's Report is Irrelevant Because Doe Cannot Recover Emotional Distress Damages Under Her Theory of this Case.**

Doe has alleged Grinnell engaged in violations of Title IX, breach of contract, and breach of implied covenant of good faith and fair dealing. None of these claims allow for recovery of emotional distress damages. Accordingly, the opinions of Dr. Patra expressed as responses to questions from Doe's counsel are inadmissible because they bear on Doe's alleged "emotional harm" or "emotional injuries," which is not at issue in this case. *See e.g.*, Ex. A at 35, 42, 47.[1] Further, Dr. Patra's report is riddled with references to Doe's April 2019 sexual assault—a claim that this Court has already dismissed as time-barred. Because Doe's alleged emotional distress is not at issue in this case, Dr. Patra's Report "is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

      *a.*    *Dr. Patra Should be Precluded from Referencing Doe's April 2019 Sexual Assault.*

If Dr. Patra is permitted to testify at all, he should not be permitted to testify to the April 2019 sexual assault. Indeed, Dr. Patra's opinions are replete with references to Doe's April 2019 sexual assault. *See* Ex. A at 35–47.[2] But the claims against Grinnell arising out of Doe's sexual assault have been dismissed. ECF No. 18, Order Granting in Part Defendant Grinnell College's

---

[1] "What, if any, psychological conditions or *emotional injuries* did you diagnose?" *Id*. at 35 (emphasis added). "In your expert opinion, what caused or contributed to the plaintiff's *emotion harm*? Is it your opinion that the defendant's conduct was a substantial factor in causing the plaintiff's *emotional distress*?" *Id*. at 42 (emphasis added). "How has the *emotional harm* affected the plaintiff's ability to work, go to school, or engage in daily activities?" *Id*. at 47 (emphasis added).

[2] A non-exhaustive list includes: "[I]t is my opinion within a reasonable degree of medical and psychiatric certainty that [Doe] is suffering from the following mental/psychological conditions *related to the April 20, 2019 sexual assault in her dorm room at Grinnell College*…." *Id*. at 35 (emphasis added); "[Doe] mentioned the *violent nature of the April 20, 2019 sexual assault she experienced in her dorm room, followed by another unwanted assault a few weeks later at a party*." *Id*. at 36 (emphasis added); "Looking into the <u>severity or seriousness of [Doe's] sexual trauma</u>, she reported that Shiva kissed her, tried to put his hands into her pants on six or seven different occasions, and April 20, 2019, he violently sexually assaulted her in her dorm room, and a few weeks later, he assaulted her at an off-campus party." *Id*. at 42 (emphasis in original); "[Doe] was sexually assaulted in her dorm room on April 20, 2019 followed by another assault a few weeks later at an off-campus party[]. Following the violent sexual assault, [Doe] started experiencing intrusive thoughts and memories, nightmares, flashbacks, psychological distress and panic attacks…." *Id*. at 44; "[Doe's] narrative revealed that she felt confused after the *April 20, 2019 violent sexual assault*…." *Id.* at 45 (emphasis added).

Partial Motion to Dismiss (May 9, 2024) at 36–37 (dismissing Counts I and II and aspects of Counts III and IV concerning actions prior to October 10, 2021). That ruling is the law of the case, and "prevents the relitigation of settled issues in an action." *UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995) (law of the case doctrine "provides that when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case").

Courts should "exclude expert testimony where it applied only to already dismissed claims." *Surface v. Conklin*, No. 1:15-CV-40, 2018 WL 6257984, at *6 (S.D. Ohio Nov. 30, 2018). *See also In re: EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2022 WL 226130, at *12 (D. Kan. Jan. 26, 2022) (excluding that portion of expert testimony related to claims that have been dismissed); *In re Whirlpool Corp. Front-Loading Washer Prods. Litig.*, 45 F.Supp.3d 724, 745 (N.D. Ohio 2014) (excluding expert testimony where the "topics bear on Plaintiffs; now-dismissed failure to warn claim; they have no relevance either to negligent design or breach of warranty"). Stated another way: "experts must stay in their lane" and the courts must "police inappropriate drifting." *In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *2 (S.D.N.Y. July 28, 2017).

As the Court has already ruled that claims arising out of Doe's April 2019 sexual assault fail as a matter of law, Dr. Patra should not be permitted to re-introduce those issues into this case—especially when the basis of his opinion for causation is impermissibly intertwined with Doe's April 2019 sexual assault. Ex. A at 42 ("[I]t is my opinion based upon a reasonable degree of medical and psychiatric certainty that the violent sexual assault on April 20, 2019 in her dorm room and Grinnell College's inadequate, inept, and poorly managed Title IX investigation that dragged on through almost the entire duration of [Doe's] time at Grinnell College, were a substantial causal, contributing, or aggravating factor in the development of [Doe's] generalized

6

anxiety disorder."). Indeed, this action is about Grinnell's response to Doe's report of a sexual assault—not the sexual assault itself. Accordingly, because Doe's claims arising out of the April 2019 sexual assault have been dismissed, Dr. Patra's opinions referencing the sexual assault should be limited as they are not relevant under Fed. R. Evid. 402.[3] Further, Dr. Patra's opinions relating to the April 2019 sexual assault pose a significant risk of unfair prejudice as the jury might well confuse the assault and Grinnell's subsequent investigation as a single event when they are in fact, two different claims. Fed. R. Evid. 403.

        *b.      Emotional Distress Damages are Not Available Under the Spending Clause Statutes Like Title IX.*

In 2022, the United States Supreme Court decided *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022), holding that "emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes" like the Rehabilitation Act and Patient Protection and Affordable Care Act. *Id.* at 230. Both statutes were passed under Congress's power under the Spending Clause, which allows Congress to "fix the terms on which it shall disburse federal money." *Id.* at 217 (quoting *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 17 (1981)).

It is well-settled that Title IX is Spending Clause legislation, and under *Cummings*, emotional distress damages are not available. Indeed, in every case in which the Supreme Court addressed the available remedies and obligations under Title IX, it has applied the Spending

---

[3] Certainly, Doe's April 2019 assault is relevant to the extent that it gave rise to Grinnell's Title IX investigation. However, Dr. Patra's report impermissibly ties the assault into Grinnell's investigation as casual factors of Doe's alleged harm. Ex. A at 42. The jury should not be permitted to consider the assault in assessing potential damages and liability against Grinnell because those claims have been dismissed, and instead, Dr. Patra's opinions should be struck entirely. Further, because of how thoroughly Dr. Patra has intertwined the causation for emotional distress and the April 2019 sexual assault (which is not at issue) and the investigation process arising from the sexual assault (which is at issue), Grinnell cannot identify a methodology for admitting portions of the Report that are otherwise relevant and admissible from those portions that are irrelevant and prejudicial. Consequently, Grinnell asks this Court for an order striking Dr. Patra's Report and anticipated testimony.

7

Clause analysis and analogized the remedies to contract law. *E.g.*, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 1367, 181 (2005); *Davis v. Monroe Cnty Bd. of Educ.*, 526 U.S. 629, 640 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287 (1998); *Franklin v. Gwinnett Cnty Pub. Sch.*, 503 U.S. 60 74–75 (1992). The Eighth Circuit itself has held that "Title IX[] … was enacted pursuant to the Spending Clause." *Gross v. Weber*, 186 F.3d 1089, 1092 (8th Cir. 1999). Moreover, district courts in the Eighth Circuit have held that emotional distress damages for Title IX violations are not available. *Doe 1 v. Curators of Univ. of Missouri*, No. 19-CV-04229-NKL, 2022 WL 3366765 (W.D. Mo. Aug. 15, 2022) ("The Court holds that *Cummings* applies to Plaintiffs' Title IX claims."), *Abdulsalam v. Bd. of Regents of Univ. of Nebraska*, No. 4:22-CV-3004, 2023 WL 4266378 (D. Neb. June 29, 2023) ("[E]motional damages are not recoverable under Title IX.").

Thus, because emotional distress damages are not available under Title IX, Doe's questions posed to Dr. Patra and Dr. Patra's opinions as they relate to "emotional harm," "emotional distress," and "emotional injuries" are not relevant under Fed. R. Evid. 402. Nor do they "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). The questions and opinions serve no other purpose than to confuse, mislead, and inflame the jury. Fed. R. Evid. 403; *see U.S. v. Coutentos*, 651 F.3d 809, 821 (8th Cir. 2011) (considering whether the district court had properly excluded expert evidence under Rule 403, after affirming exclusion of the expert's evidence as irrelevant under Rule 702). Indeed, Doe's questions to Dr. Patra have tainted the bases of his opinions such that a jury cannot reasonably be asked to differentiate between her medical diagnoses and her alleged emotional distress.

The District Court for the Northern District of Iowa has addressed this very issue where an expert opines on topics not at issue in the case and held the testimony inadmissible.

8

*Langenbau v. Med-Trans Corp.*, 167 F.Supp.3d 983 (N.D. Iowa 2016). In *Langenbau*, Judge Strand was tasked with deciding whether one of the plaintiff's experts could opine on "maintenance practices" on the part of the defendant arising out of a helicopter crash. *Id*. at 1002–03. Noting that maintenance practices were not at issue in the case, the Court held that "[plaintiff's expert] testimony or opinions about maintenance practices and a maintenance violation is [] of dubious relevance, standing alone." *Id*. at 1003. Thus, because maintenance practices and a maintenance violation were not at issue in the case, the Court held that

> [w]here evidence of maintenance practices and a maintenance violation has such slight or no probative value, on its own, and is not sufficiently similar to the misconduct actually at issue in the plaintiffs' claims to be probative on those claims, that slender probative value is vastly outweighed by its potential for prejudice—inviting a liability verdict improperly based on an emotional response to essentially unrelated misconduct that was irrelevant to the crash.

*Id*. at 1003–04 (citing Fed. R. Evid. 403, 404). Like in *Langenbau*, where maintenance practices were not at issue, Doe's emotional distress damages are not at issue in this case. And likewise, Doe's emotional distress standing alone, is not relevant, and its probative value is substantially outweighed by its potential for prejudice. Namely, inviting a liability and damages verdict "improperly based on an emotional response to essentially unrelated misconduct that [is] irrelevant" to Doe's claims for relief. *Id*. Accordingly, Dr. Patra's opinions should be excluded entirely.

        c.      *Emotional Distress Damages Are Not Available Under Doe's State Law Claims.*

Doe also alleges state law breach of contract and breach of implied covenant of good faith and fair dealing. But Dr. Patra's Report is not saved by Doe's state law claims—emotional distress damages are not available under these theories either, absent certain circumstances that

9

are not present here. The remedies for an Iowa plaintiff with respect to a breach of good faith and fair dealing claim are the same as the remedies available for a breach of contract claim.[4] Because "[t]his implied covenant generally operates upon an express condition of a contract," the covenant of good faith and fair dealing "requires a contract term to which it can be attached." *Moe v. Grinnell College*, 556 F.Supp.3d 916, 936 (S.D. Iowa) (quoting *Am. Tower, L.P. v. Local TV Iowa, L.L.C.*, 809 N.W.2d 546, 551 (Iowa Ct. App. 2011); *Bagelmann v. First Nat. Bank*, 823 N.W.2d 18, 34 (Iowa 2012)). When a claim of breach of good faith and fair dealing is premised on the same grounds as a breach of contract claim, the breach of good faith claim may be subsumed by the breach of contract claims. *See Rossley v. Drake Univ.*, 342 F.Supp.3d 904, 944 (S.D. Iowa 2018).

"It is hornbook law that 'emotional distress is generally not compensable in contract[.]'" *Cummings*, 596 U.S. at 221 (quoting D. Laycock & R. Hasen, *Modern American Remedies* 216 (5th ed. 2019)).[5] True that, under Iowa law, "emotional distress damages are not prohibited *per se* in a breach of contract action," and instead are prohibited in all breach of contract actions except where "emotional distress [is] a foreseeable consequence of a breach of the contract." *Shaw v. Whirlpool Corp.*, No. C19-5-LTS, 2019 WL 1748525 at *10 (N.D. Iowa Apr. 18, 2019)

---

[4] Though no express authority under Iowa law was located on this point, other states in the Eighth Circuit that imply a covenant of good faith and fair dealing in all contracts support this interpretation. *See Taylor Equipment, Inc. v. John Deere Co.*, 98 F.3d 1028, 1031 (8th Cir. 1996) ("This covenant affords only contract remedies; there is no independent tort for its breach.") (applying South Dakota law). *See also Doe v. Clark Univ.*, 624 F.Supp.3d 1, 8 (D. Mass. 2022) ("In the Title IX context, the analysis for a claim of breach of the covenant of good faith and fair dealing is 'essentially identical' to the analysis for a claim of breach of contract.").

[5] *See* 11 W. Jaeger, *Williston on Contracts* § 1341, p. 214 (3d ed. 1968) ("Mental suffering caused by breach of contract, although it may be a real injury, is not generally allowed as a basis for compensation in contractual actions." (footnote omitted)); E. Farnsworth, Contracts § 12.17, p. 894 (1982) (describing rule of "generally denying recovery for emotional disturbance, or 'mental distress,' resulting from breach of contract" as "firmly rooted in tradition"); J. Perillo, *Calamari & Perillo on Contracts* § 14.5, p. 495 (6th ed. 2009) ("As a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract."); C. McCormick, *Law of Damages* § 145, p. 592 (1935) ("It is often stated as the 'general rule' that, in actions for breach of contract, damages for mental suffering are not allowable.").

(citing *Miranda v. Said*, 863 N.W.2d 8, 19 n.8 (Iowa 2013)). The Restatement (Second) of Contracts § 353 sheds light on the foreseeability of emotional harm in breach of contract actions:

> Damages for emotional disturbance are not ordinarily allowed. Even if they are foreseeable, they are often particularly difficult to establish and to measure. There are, however, two exceptional situations where such damages are recoverable. In the first, the disturbance accompanies a bodily injury. In such cases the action may nearly always be regarded as one in tort, although most jurisdictions do not require the plaintiff to specify the nature of the wrong on which his action is based and award damages without classifying the wrong. [] In the second exceptional situation, the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result. Common examples are contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death. Breach of such a contract is particularly likely to cause serious emotional disturbance. Breach of other types of contracts, resulting for example in sudden impoverishment or bankruptcy, may by chance cause even more severe emotional disturbance, but, if the contract is not one where this was a particularly likely risk, there is no recovery for such disturbance.

Here, Doe vaguely alleges the contract at issue is Grinnell's Sexual Misconduct Policy. ECF No. 25, Second Amended Complaint and Jury Demand (October 30, 2024) at ¶ 212. Notwithstanding, Doe has failed to demonstrate that "emotional distress [is] a foreseeable consequence of a breach of the contract." *Shaw*, No. C19-5-LTS, 2019 WL 1748525 at *10. Indeed, Doe's allegations regarding Grinnell's Title IX investigation is not akin to "contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death." Restatement (Second) of Contracts § 353.

It is true that sexual assault is more often than not emotionally distressing, but the fact remains that Doe has not alleged the sexual assault as the basis for her breach of contract claim. Instead, she alleges that Grinnell failed to follow the Sexual Misconduct Policy and appropriately discipline the perpetrator. The manner in which a private institution handles a student

11

disciplinary procedure or otherwise follows or fails to follow its own policies is a far cry from the type of contract that justifies the unusual award of emotional distress damages in contract actions. *See Doe v. Dordt Univ.*, 616 F.Supp.3d 872, 914 (N.D. Iowa 2022) (noting "the appropriate remedy when a school fails to follow a written disciplinary procedure is to provide the student with the process promised in his contract with the school.").

Thus, like her Title IX claims, and because emotional distress damages are not available under Doe's state law claims, Doe's questions posed to Dr. Patra and Dr. Patra's opinions as they relate to "emotional harm," "emotional distress," and "emotional injuries" are not relevant under Fed. R. Evid. 402. Nor do they "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. P. 702(a). The questions and opinions serve no other purpose than to confuse, mislead, and inflame the jury. Fed. R. Evid. 403; *see Langenbau*, 167 F.Supp.3d at 1003–04. Indeed, allowing a jury to hear about Doe's emotional distress may impermissibly and unfairly cause jurors to feel sympathetic to Doe and cause them to return a verdict in her favor. This is exactly what Rule 403 seeks to avoid. Fed R. Evid. 403 Advisory Committee Notes ("Unfair prejudice within [Rule 403's] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Dr. Patra's opinions surrounding Doe's diagnoses may be relevant to the extent she seeks to recover damages for medical treatment or future medical treatment; however, casting the diagnoses in a light that characterizes them as "emotional distress" or "emotional harm" is contrary to the remedies available to her under Iowa and Federal law. Accordingly, Dr. Patra's opinions should be excluded in their entirety.

**II.     Doe's Deficient Expert Disclosure Is Not Substantially Justified or Harmless, Requiring Exclusion of Dr. Patra's Report and Anticipated Testimony.**

Even assuming, *arguendo*, Doe can establish her emotional injuries as relevant, Plaintiff's expert disclosure is procedurally deficient and requires exclusion of Dr. Patra's Report and testimony. Rule 26 mandates that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Subsection (B) further provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> …
>
> (iii) any exhibits that will be used to summarize or support [the opinions of the expert];
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases, in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(iii–vi).

"A district court 'has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case' when a party fails to provide information or identify a witness in compliance with Rule 26(a)." *Gruttemeyer v. Transit Authority*, 31 F.4th 638, 644–45 (8th Cir. 2022) (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). "The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698 (8th Cir 2018). Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)

or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Eighth Circuit has recognized that Rule 37(c)(1) is "a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion for sanctions." *Vanderberg*, 906 F.3d at 702 (internal quotation omitted).

Doe's disclosures are deficient, despite Grinnell's attempts to obtain full and complete supplementation. *See* Ex. B. Doe has failed to provide Grinnell with exhibits she intends to introduce as part of Dr. Patra's testimony, a list of Dr. Patra's publications and qualifications, a list of cases in which Dr. Patra has testified as an expert witness, and Dr. Patra's compensation for providing his opinions in this case. Fed. R. Civ. P. 26(a)(2)(B)(iii–vi). The only disclosure Doe has made is Dr. Patra's Report. Additionally, Doe has failed to supplement her written discovery responses to reflect information that should have otherwise been disclosed under Rule 26.

This Court should use its wide discretion to exclude Dr. Patra's Report and testimony. *Gruttemeyer*, 31 F.4th at 644–45. Without Doe's required disclosures, Grinnell will be forced to play a guessing game on what exhibits (if any) and qualifications Dr. Patra possesses as part of his Report. Moreover, because of Doe's failures under Rule 26, it is not even clear on whether Doe intends to have Dr. Patra testify at trial. *Vanderberg*, 906 F.3d at 704 ("Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts. That's why failure to comply with Rule 26(a)(2)(A) leads to the exclusion of expert testimony by a witness not identified as an expert.") (quoting *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017)).

Doe has not shown a justification for her failure to disclose information required by Rule 26—let alone proved a substantial justification. *See* Fed. R. Civ. P. 37(c)(1); *Faloni & Associates, LLC v. Citibank N.A.*, 2023 WL 4493435 at *2 (D.S.D. July 12, 2023) (holding that the plaintiff's belief the disclosure was adequate is not a substantial justification when failing to meet Rule 26(a)(2)(B) disclosure requirements). Doe's failures are also not harmless—to the contrary, Doe's failure to disclose information required by Rule 26 is prejudicial to Grinnell. Indeed, Grinnell should not be required to guess or otherwise speculate on whether Dr. Patra will testify at trial. Further, because Grinnell lacks sufficient information from Doe regarding Dr. Patra's qualifications as an expert witness and other required disclosures, particularly the medical records that were reviewed, Grinnell's ability to effectively cross-examine Dr. Patra at his deposition is substantially hampered, akin to fighting with its right arm tied around its back. Without Doe's Rule 26 disclosures, Grinnell cannot effectively depose Dr. Patra, and as a direct consequence, cannot reasonably or timely determine whether a rebuttal expert is required to support its defense. *See Langenbau*, 167 F.Supp.3d at 998 (holding a late expert opinion disclosure is not harmless because "allowing for belated rebuttal experts and additional depositions to address the [disclosure] will disrupt the orderly and efficient preparation for the trial, the very things that timely Rule 26 expert disclosures are designed to prevent."). Grinnell also cannot reasonably challenge Dr. Patra's qualifications.

Because Doe has failed to comply with the mandatory expert disclosure requirements of Rule 26(a)(2)(B), and because this failure is neither substantially justified nor harmless, the self-executing sanction in Rule 37(c)(1) requires the exclusion of Dr. Patra's Report and testimony. Accordingly, Grinnell respectfully requests that the Court enter an order excluding the Report and testimony of Dr. Patra entirely.

## CONCLUSION

This Court should strike Doe's expert Report in its entirety under Federal Rules of Evidence 702(a), 402 and 403 because it introduces irrelevant information that is not in dispute—Doe's emotional distress, and because it fails to help the trier of fact understand the evidence. Dr. Patra should also be precluded from testifying about Doe's April 20, 2019 sexual assault because those claims have been dismissed. Alternatively, this Court should strike Dr. Patra as a testifying expert under Rule 37(c)(1) due to Doe's failure to properly satisfy her disclosure obligations under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Frances M. Haas, AT0009838
NYEMASTER GOODE, P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
Telephone: (319) 286-7000
Facsimile: (319) 286-7050
Email: fmhaas@nyemaster.com

**/**s/ Frank Harty, AT0003356
NYEMASTER GOODE, P.C.
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com

**ATTORNEYS FOR DEFENDANT
GRINNELL COLLEGE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification to the following ECF system participants.

Charles Wittmack
WLF PC
The Financial Center
666 Walnut Street STE 2300
Des Moines, IA 50309
T. (515) 500-1800
F. (515) 400-1130
Email: c@wlf.law
ATTORNEY FOR PLAINTIFF

                                            /s/ Nicole Graham